UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) REGINEL CAZARES, a/k/a "Junior,"<br>(2) LUIS RAMON FELIZ SANTANA,<br>a/k/a "Luis Felix" a/k/a "Michael Corleone,"<br>(3) CESAR PARRA a/k/a "Flow," and<br>(4) JESUS LOPEZ MEDINA,<br><br>Defendants. | Criminal No. 24cr10173<br><br>Violations:<br><br>Count One: Conspiracy to Distribute and to Possess with Intent to Distribute Controlled Substances<br>(21 U.S.C. § 846)<br><br>Count Two: Money Laundering Conspiracy<br>(18 U.S.C. § 1956(h))<br><br>Drug Forfeiture Allegation:<br>(21 U.S.C. § 853)<br><br>Money Laundering Forfeiture Allegation:<br>(18 U.S.C. § 982(a)(1)) |

INDICTMENT

COUNT ONE
Conspiracy to Distribute and to Possess with Intent to Distribute
Controlled Substances
(21 U.S.C. § 846)

The Grand Jury charges:

From in or about September 2023 through in or about February 2024, in Tewksbury, Methuen, Lowell, and elsewhere in the District of Massachusetts, and in the Central District of California, the District of Arizona, and elsewhere, the defendants,

(1) REGINEL CAZARES, a/k/a "Junior,"
(2) LUIS RAMON FELIZ SANTANA, a/k/a "Luis Felix" a/k/a "Michael Corleone," and
(4) JESUS LOPEZ MEDINA,

1

conspired with each other and with other persons known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

It is further alleged that the offense charged in Count One involved 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(vi) is applicable to this Count.

It is further alleged that the offense charged in Count One involved five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(ii) is applicable to this Count.

It is further alleged that, with respect to Count One, 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to, (1) REGINEL CAZARES, a/k/a "Junior." Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(vi) is applicable to defendant (1) REGINEL CAZARES, a/k/a "Junior."

It is further alleged that, with respect to Count One, five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to, (1) REGINEL CAZARES, a/k/a "Junior," and (2) LUIS RAMON FELIZ SANTANA, a/k/a "Luis Felix" a/k/a "Michael Corleone." Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(ii) is applicable to defendants

(1) REGINEL CAZARES, a/k/a "Junior," and (2) LUIS RAMON FELIZ SANTANA, a/k/a "Luis Felix" a/k/a "Michael Corleone."

Before defendant (1) REGINEL CAZARES, a/k/a "Junior," committed the offense charged in this count, the defendant was convicted of violating 21 United States Code, Section 846 (*see United States v. Reginel Cazares*, United States District Court for the District of New Jersey docket number 3:11CR592(JAP)-01), a serious drug felony, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

All in violation of Title 21, United States Code, Section 846.

<u>COUNT TWO</u>
Money Laundering Conspiracy
(18 U.S.C. § 1956(h))

The Grand Jury further charges:

From in or about November 2023, through in or about February 2024, in Tewksbury, Methuen, and elsewhere in the District of Massachusetts, and in the Central District of California, the District of Arizona, and elsewhere, the defendants,

(1) REGINEL CAZARES, a/k/a "Junior,"
(2) LUIS RAMON FELIZ SANTANA, a/k/a "Luis Felix" a/k/a "Michael Corleone,"
(3) CESAR PARRA a/k/a "Flow," and
(4) JESUS LOPEZ MEDINA,

conspired with each other and with others known and unknown to the Grand Jury to conduct and attempt to conduct financial transactions, to wit, bulk cash transfers knowing that the property involved in such transactions represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activity, that is, drug trafficking, and knowing that the transactions were designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

DRUG FORFEITURE ALLEGATION
(21 U.S.C. § 853)

The Grand Jury further finds:

1.  Upon conviction of the offense in violation of Title 21, United States Code, Section 846, set forth in Count One, the defendants,

    (1) REGINEL CAZARES, a/k/a "Junior,"
    (2) LUIS RAMON FELIZ SANTANA, a/k/a "Luis Felix" a/k/a "Michael Corleone,"
    and
    (4) JESUS LOPEZ MEDINA,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses. The property to be forfeited includes, but is not limited to, the following assets:

    a. $427,840 in U.S. currency seized from defendant (3) CESAR PARRA a/k/a "Flow" in Tewksbury, Massachusetts, on November 15, 2023;

    b. $2,000 in U.S. currency seized from defendant (3) CESAR PARRA a/k/a "Flow" in Tewksbury, Massachusetts, on November 15, 2023;

    c. $202,090 in U.S. currency seized from defendant (3) CESAR PARRA a/k/a "Flow" in Tewksbury, Massachusetts on December 4, 2023;

    d. $4,000 in U.S. currency seized from defendant (3) CESAR PARRA a/k/a "Flow" in Tewksbury, Massachusetts on December 4, 2023;

    e. $33,815 in U.S. currency seized from Apartment 213, Loop83 Apartments, 83 Pleasant Valley Street, Methuen, Massachusetts 01844, on February 27, 2024;

    f. $22,100 in U.S. currency seized from defendant (3) CESAR PARRA a/k/a "Flow" in Methuen, Massachusetts, on February 27, 2024;

    g. $9,000 in U.S. currency seized from Eddy Alcindor in Lowell, Massachusetts on February 27, 2024;

h. Assorted jewelry seized from Apartment 218C, Appleton Square Apartments, 176 East Street, Methuen, Massachusetts, on February 27, 2024;

i. One rose gold Audemars Piguet Royal Oak wristwatch, Model J74991, seized from Apartment 213, Loop83 Apartments, 83 Pleasant Valley Street, Methuen, Massachusetts 01844, on February 27, 2024;

j. One stainless steel Rolex Oyster Perpetual DateJust wristwatch, Model 78360, seized from Apartment 213, Loop83 Apartments, 83 Pleasant Valley Street, Methuen, Massachusetts 01844, on February 27, 2024;

k. One rose gold 22-inch diamond necklace seized from Apartment 213, Loop83 Apartments, 83 Pleasant Valley Street, Methuen, Massachusetts 01844, on February 27, 2024;

l. One white gold 22-inch Cuban diamond necklace seized from Apartment 213, Loop83 Apartments, 83 Pleasant Valley Street, Methuen, Massachusetts 01844, on February 27, 2024;

m. One rose gold 25-inch diamond necklace seized from Apartment 213, Loop83 Apartments, 83 Pleasant Valley Street, Methuen, Massachusetts 01844, on February 27, 2024;

n. One yellow gold Cartier, or Cartier replica, diamond bracelet seized from Apartment 213, Loop83 Apartments, 83 Pleasant Valley Street, Methuen, Massachusetts 01844, on February 27, 2024;

o. One yellow gold Cuban link diamond bracelet seized from Apartment 213, Loop83 Apartments, 83 Pleasant Valley Street, Methuen, Massachusetts 01844, on February 27, 2024;

p. One white gold diamond and sapphire bracelet seized from Apartment 213, Loop83 Apartments, 83 Pleasant Valley Street, Methuen, Massachusetts 01844, on February 27, 2024;

q. One white gold diamond and sapphire necklace seized from Apartment 213, Loop83 Apartments, 83 Pleasant Valley Street, Methuen, Massachusetts 01844, on February 27, 2024;

r. One rose gold diamond pendant with the initials "MC" seized from Apartment 213, Loop83 Apartments, 83 Pleasant Valley Street, Methuen, Massachusetts 01844, on February 27, 2024;

s. One rose gold Jesus pendant containing diamonds, emeralds, morganite, topaz, sapphire, peridot, tanzanite, and citrine seized from Apartment 213, Loop83

Apartments, 83 Pleasant Valley Street, Methuen, Massachusetts 01844, on February 27, 2024.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendants --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1 above.

All pursuant to Title 21, United States Code, Section 853.

## MONEY LAUNDERING FORFEITURE ALLEGATION
(18 U.S.C. § 982(a)(1))

1. Upon conviction of the offense in violation of Title 18, United States Code, Section 1956, set forth in Count Two, the defendants,

(1) REGINEL CAZARES, a/k/a "Junior,"
(2) LUIS RAMON FELIZ SANTANA, a/k/a "Luis Felix" a/k/a "Michael Corleone,"
(3) CESAR PARRA a/k/a "Flow," and
(4) JESUS LOPEZ MEDINA,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of the defendants --

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 982(a)(1).

A TRUE BILL

*Karlas Pentedemos*
FOREPERSON

SAMUEL R. FELDMAN
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: June 13, 2024
Returned into the District Court by the Grand Jurors and filed.

/s/ Noreen A. Russo
DEPUTY CLERK
at 12:04 pm